*R. G. Dickerson Jr.,* contra.

---

BAYNE *v.* A. J. DEER COMPANY INCORPORATED *et al.*

HILL, J. Under the pleadings and the evidence in this case, the court did not err in revoking the temporary restraining order and in refusing an injunction. *Judgment affirmed. All the Justices concur.*

No. 3872. JUNE 11, 1924.

Petition for injunction. Before Judge Humphries. Fulton superior court. May 25, 1923.

E. Bayne brought an equitable petition against the A. J. Deer Company Inc., for injunction and other relief, and alleged, in substance, that the defendant is indebted to plaintiff in the sum of $20 for money had and received by it from defendant as part of the purchase-price paid on a certain meat-cutting machine; that the defendant sued plaintiff in the municipal court of Atlanta for the remaining part of the purchase-price of the machine, viz., the

26

sum of $155, and secured a judgment in that court for the sum sued for with costs of suit; the suit in the municipal court was on an open account; plaintiff filed a defense to the suit, but at the hearing the judge presiding held that the answer setting up that the machine was totally worthless was not such subject-matter as could be set up as a defense, and stated to the defendant that he would permit him to withdraw his answer and a judgment would be rendered by default, and the answer was withdrawn and the following order was entered thereon: "Before judgment rendered, the court consenting and allowing, the within counter-claim is allowed to be withdrawn by defendant without prejudice to the defendant, and the same is in no wise adjudicated." After the rendition of the judgment an execution issued thereon, and the marshal of the municipal court is threatening to levy the same upon plaintiff's property and to seize and advertise and sell enough of it to satisfy the execution; and should plaintiff's property be so levied on, advertised, and sold, the proceeds of the sale will be applied to the satisfaction of the judgment and execution, and any judgment that plaintiff might recover in this action cannot be collected out of the defendant, for the reason that it has no property or assets within the jurisdiction of this court or within the State of Georgia, out of which the judgment can be satisfied; and by reason of these facts plaintiff has no adequate remedy at law, and the defendant will be authorized to collect a debt out of plaintiff which he does not now and has never owed to the defendant. It is alleged that the machine that plaintiff undertook to buy from the defendant at the purchase-price of $175 was totally and wholly worthless; at the time of the purchase, July 15, 1922, plaintiff paid the defendant $20 and agreed to make payments of $13 each month thereafter up to and inclusive of June 15, 1923, and on that date the sum of $12, which various sums aggregate the total consideration of $165. None of these deferred payments was ever made by the plaintiff to the defendant, "because the machine and its parts, cogs, teeth in the cogs, the shafting, the holdings, and the carriage were so defectively mechanically constructed that they broke off, came apart, and the machine would not cut meat at any time uniformly in thickness, sometimes would mash the meat, and at other times would not either cut it at all or mash it, and the machine, as a meat-cutting machine, was totally and

wholly worthless for and on account of the facts herein stated." Plaintiff was compelled to discard the machine, buy another at the same or greater cost to himself, that he might have a meat-cutting machine in his meat shop and grocery store. He prayed that the defendant be restrained and enjoined "from demanding of the marshal of the municipal court to make the threatened and impending levy on petitioner's property for the satisfaction of the judgment it has against the petitioner from the municipal court of Atlanta," and that plaintiff have verdict and judgment against the defendant.

The defendant filed an answer admitting some of the facts alleged and denying others. It was averred that the presiding judge of the municipal court did not rule that the defense that the machine was totally worthless could not be set up as a defense; but that such defense was set up and rejected under the evidence by the court, for the reason that it failed to establish such defense. The allegation that the plaintiff could locate no property of the defendant in this jurisdiction, out of which to satisfy a judgment which might be recovered in this action, was denied, as well as the allegation that the plaintiff had no adequate remedy at law, and that the defendant, by reason of the judgment obtained in the municipal court, will be authorized to collect a debt out of the plaintiff which he does not owe. It was averred that the debt owing by the plaintiff to the defendant was duly set up and established by the judgment of the municipal court, and that the plaintiff is now estopped to deny the validity of said judgment or question the justness of the debt, etc. On the hearing the court revoked the temporary restraining order, and denied the injunction prayed for. To this judgment the plaintiff excepted.

*Lawton Nalley,* for plaintiff.  *George B. Rush,* for defendants.